Filed
D.C. Superior Court
03/08/2022 13:03PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### Civil Division

| | |
|---|---|
| **MEAGHAN CHARLTON** <br> 880 New Jersey Avenue, S.E. <br> Unit 328 <br> Washington, DC 20003 <br><br> Plaintiff, <br><br> v. <br><br> **LYFT, INC.** <br> 185 Berry Street <br> Suite 5000 <br> San Francisco, CA 94107 <br><br> Serve:  Resident Agent <br>     CT Corporation System <br>     1015 15th Street, N.W. <br>     Suite 1000 <br>     Washington, DC 20005 <br><br> and <br><br> **MICHAEL BUNDU** <br> 33 Sultan Avenue <br> Capitol Heights, MD 20743 <br><br> and <br><br> **YONAS NEGASH** <br> 3310 Ardley Court <br> Falls Church, VA 22041 <br><br>          **Defendants.** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br><br> 2022 CA 1007 B <br><br><br><br><br> Civil Action No. _____ |

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

## **COMPLAINT FOR DAMAGES**

EXHIBIT
A

**(Automobile-Bicyclist Collision: Negligence and Negligence *Per Se*; Negligent Training/Supervision)**

1. Jurisdiction is vested in this Court pursuant to D.C. Code Sec. 11-921 (1981 ed., as amended).

2. Venue is proper in this Court because the wrongful and negligent acts and/or omissions committed by Defendants occurred in the District of Columbia.

## PARTIES

3. Plaintiff Meaghan Charlton (hereinafter referred to as "Ms. Charlton") is an adult resident of the District of Columbia.

4. Upon information and belief, Defendant Lyft, Inc. ("Defendant Lyft") is a California company authorized to conduct, and is currently conducting, business in the District of Columbia.

5. At all times applicable herein, upon information and belief, Defendant Michael Bundu ("Defendant Bundu") was an adult resident of Capitol Heights, Maryland.

6. At all times applicable herein, upon information and belief, Defendant Yonas Negash ("Defendant Negash") was an adult resident of Falls Church, Virginia.

7. At the time of the collision, Defendant Negash was an employee, agent, and/or servant of Defendant Lyft at all times relevant herein.

8. Defendant Negash was acting within the course and scope of his employment with Defendant Lyft on March 22, 2019.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C.
20036

202-463-3030

9. At the time she was severely injured, Ms. Charlton was a paying customer of Defendant Lyft and had accessed the Lyft mobile app in order to secure the services of Lyft.

10. Defendant Lyft is vicariously liable for the tortious acts and/or omissions committed by Defendant Negash, which directly and proximately caused serious and permanent injuries to Ms. Charlton.

## FACTS

11. On March 22, 2019, at approximately 4:26 p.m., Ms. Charlton was a back-seat passenger riding in a Lyft-designated vehicle being operated by Defendant Negash, traveling on E Street, N.W., in the District of Columbia.

12. At the same time and place, Defendant Bundu was operating his vehicle in the same lane directly behind the Lyft vehicle in which Ms. Charlton was a passenger.

13. While preparing to make a right-hand turn onto 3rd Street, N.W., the Lyft vehicle stopped abruptly, causing Defendant Bundu to violently crash into the rear-end of Defendant Lyft's vehicle.

14. Defendant Bundu was also negligent in failing to keep proper distance from the Lyft vehicle directly in front of his vehicle and failing to pay full time and attention to the roadway, which also contributed to the collision.

15. The abrupt force of the collision resulted in severe whiplash to Ms. Charlton, causing her to violently hit her head against the back-seat headrest in the Lyft vehicle.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

16.     Immediately after the collision occurred, Ms. Charlton started to experience pain in her head, neck, and back.

17.     Shortly after the collision, Ms. Charlton got out of the Lyft vehicle to take photographs of the scene.

18.     Defendants Negash and Bundu fled the scene without reporting the incident to the Metropolitan Police Department.

19.     At all times relevant, the Lyft vehicle in question was maintained and operated by Defendant Negash acting under the employment agreement with Defendant Lyft.

20.     As a direct result of the collision, Ms. Charlton sustained severe injuries, including a severe concussion, whiplash, back and neck pain, nerve pain throughout her body, and exacerbated migraines.

21.     As a further direct result of the collision, Ms. Charlton has incurred, and will continue to incur, substantial medical expenses; has incurred, and will continue to incur, substantial wage losses; and has suffered, and will continue to suffer, extreme physical and emotional pain, suffering, and anguish, as well as other damages.

### COUNT I
### (Auto Collision—Negligence and Negligence *Per Se*: Defendants Lyft, Negash, and Bundu)

22.     Plaintiff Meaghan Charlton incorporates the foregoing paragraphs by reference and further alleges that at all times relevant, Defendant Negash, while acting under the employment and/or agency with Defendant Lyft, and Defendant Bundu owed a

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C.
20036

202-463-3030

- 4 -

duty to Ms. Charlton to drive in a safe, prudent, and appropriate manner consistent with motor vehicle safety and traffic laws then and there in effect.

23. Defendants Negash and Bundu jointly breached that duty in the following ways:

   a. by failing to pay full time and attention during the operation of their vehicles;

   b. by failing to keep a proper lookout while driving their vehicles;

   c. by driving while distracted;

   d. by failing to maintain proper control of their vehicles;

   e. by failing to properly follow traffic control devices and signals;

   f. by failing to timely apply brakes or otherwise take appropriate action(s) to avoid or minimize the effects of a collision; and/or

   g. by otherwise failing to adhere to the applicable traffic and motor vehicle regulations then and there in effect.

24. In breaching this duty, Defendants Negash and Bundu violated road-safety statutes and regulations that were in full force and effect in the District of Columbia at the time of the collision. As a result, Defendants Negash and Bundu were negligent *per se* under District of Columbia law.

25. As a direct and proximate result of the negligent acts performed by both Defendants Negash and Bundu, Ms. Charlton suffered the injuries and damages set forth above.

26. At the time of the collision, Defendant Negash was acting within the course and scope of his agency and/or employment with Defendant Lyft; accordingly, Defendant

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C.
20036

202-463-3030

Lyft is vicariously liable for Defendant Negash's conduct under the doctrine of *respondeat superior*.

### COUNT II
(Negligent Training/Supervision: Defendant Lyft)

27. Plaintiff Meaghan Charlton incorporates the foregoing paragraphs by reference and further alleges that at all times relevant Defendant Negash was acting as the agent, servant and/or employee of Defendant Lyft.

28. Ms. Charlton further alleges that Defendant Lyft had a duty to use reasonable care in the training and supervision of its agents, servants and/or employees, including Defendant Negash.

29. Plaintiff further alleges that Defendant Lyft breached these duties in some or all of the following ways:

    a. by failing to train Lyft drivers, including Defendant Negash, to abide by all existing traffic and motor vehicle safety regulations; and

    b. by failing to supervise Lyft drivers while they are working for Lyft.

30. Prior to March 22, 2019, Defendant Lyft knew or should have known that its failure to properly train and/or supervise its drivers posed a risk to others, including Ms. Charlton.

31. Defendant Lyft's negligent training and/or supervision of Defendant Negash was a substantial factor in causing Ms. Charlton's serious injuries and damages outlined above.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C.
20036

202-463-3030

WHEREFORE, Plaintiff Meaghan Charlton demands judgment against Defendants Lyft, Inc., Michael Bundu, and Yonas Negash, jointly and severally, in the full and just amount of Five Hundred Thousand ($500,000) Dollars, plus interest and costs.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all of the above claims.

Respectfully submitted,

REGAN ZAMBRI LONG

By: */s/ Patrick M. Regan*
Patrick M. Regan     #336107
pregan@reganfirm.com
Christopher J. Regan    #1018148
cregan@reganfirm.com
1919 M Street NW, Suite 350
Washington, DC 20036
PH: (202) 463-3030
FX: (202) 463-0667
*Counsel for Plaintiff*

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C.
20036

202-463-3030